BUCKSTAFF et al. v. RUSSELL & CO.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1897.)

No. 841.

1. SALES—RESCISSION.

Assuming that a contract for the sale of machinery authorized the buyers to rescind if they were in fact dissatisfied with the machinery after a fair trial, although there was no reasonable ground for such dissatisfaction, the fact that they used the machinery for 3½ years after they claimed to have notified the seller of their election to rescind, and then sold it, and appropriated the proceeds to their own use, constituted an abandonment of their right of rescission, and remitted them to their right to damages for alleged breach of the warranties. It is immaterial that the sale took place after the seller instituted his suit for the contract price, as he had the right to show, as an answer to the plea of rescission, that by a course of conduct which began before the suit was filed, and continued thereafter, the defendants had manifested an intention to abandon their alleged right of rescission.

2. SAME.

Where a written contract for the sale of machinery specifically describes the kind, amount, and size thereof, with express warranties as to its capacity, no other warranties will be implied, and oral statements and representations made prior to the execution of the contract are properly excluded.

In Error to the Circuit Court of the United States for the District of Nebraska.

This was a suit consisting of three counts, which was brought by Russell & Co., the defendant in error, against John A. Buckstaff and John E. Utt, the plaintiffs in error. By the first count of the petition the plaintiff below sought to recover the price agreed to be paid by the defendants for certain machinery which had been delivered to the defendants under the following contract:

"This agreement, made and entered into this 22d day of June, A. D. 1888, by and between Russell & Co., of Massillon, Ohio, by its agent, H. W. Young, party of the first part, and J. A. Buckstaff and J. E. Utt, parties of the second part, witnesseth: That the said Russell & Co. agree to furnish the following machinery, delivered on cars at Lincoln, Nebraska: Three (3) boilers, 60 inch x 14 feet; one (1) automatic cut-off engine, 125 horse power; one (1) automatic cut-off engine, 50 horse power; one Gordon Maxwell Duplex Pump; one (1) Garfield Injector; one (1) heater, and any necessary fittings of sufficient size and dimensions to properly run such a plant; also two (2) smoke-

stacks, 32 inch diameter, 60 feet long, made of No. 12 iron, with fancy tops. guy rods, and stays. Hereto attached, and made a part of this contract, proposals marked Exhibits A, B, C, & D. For and in consideration of and in payment of the same, the said J. A. Buckstaff and J. E. Utt agree to pay four thousand nine hundred and fifty dollars ($4,950.00), as follows: One-third when machinery is steamed up ready to run; the balance in six (6) and twelve (12) months, with interest at the rate of 7 per cent. per annum from the time of erection in Lincoln; providing that, with proper and careful management, said engines, boilers, and pumps are hereby guarantied to work, and that said engines do give the amount of horse power as herein specified, and to be as economical of fuel and as durable as a Corliss noncondensing engine. It is also understood and agreed that said Buckstaff & Utt shall use fair and honorable means to satisfy themselves, before payments are due, that said engines, boilers, and pumps are working to their entire satisfaction, and, should they not be, then, in that event, the said Buckstaff & Utt are to notify said Russell & Co., and said Russell & Co. must at once comply with the terms of this contract within sixty days, and, in the event they do not, the said Buckstaff & Utt may declare this contract paid in full, or said Russell & Co. shall pay back to said Buckstaff & Utt all money paid to them, and said Russell & Co. shall pay said Buckstaff & Utt such damage as shall be declared fair by competent judges, and, after paying such damages, may remove said machinery without cost to said Buckstaff & Utt. It is hereby agreed that said Russell & Co. shall ship said machinery not later than July 15th, 1888. This contract signed in duplicate."

By the second and third causes of action the plaintiff sought to recover the value of certain iron piping and grate bars, which were sold and delivered by the plaintiff company to the defendants subsequent to the execution of the aforesaid contract, but no controversy arises in this court with respect to the latter claims.

As a defense to the first cause of action, the defendants pleaded, in substance, as follows: First. That with proper and careful management the engines and boilers supplied under the aforesaid contract were incapable of producing the horse power specified in the contract; that they were not as economical of fuel as the Corliss noncondensing engine; and that there was a breach of the warranty contained in said contract in both of these respects. Second. That the defendants used all fair and honorable means to satisfy themselves that the engines, boilers, and machinery supplied under the contract were capable of fulfilling the warranties therein contained; that, notwithstanding repeated efforts on the part of the plaintiff and defendants, after the erection of said machinery, to cause the same to fulfill said warranties, the same had at all times failed to do so; that by reason thereof the defendants had notified the plaintiff company that said boilers, engines, and machinery were defective and insufficient, and had demanded of the plaintiffs the removal of the same from the property of the defendants, and the payment to the defendants of the amount of money, to wit, $690.68, which had been paid by them to the plaintiff under said contract, and the damage by them suffered in consequence of the foregoing facts. In addition to the aforesaid plea, the defendants interposed a counterclaim, whereby they sought to recover the damages sustained in consequence of the foregoing alleged breaches of warranty. There was a trial to a jury, in which the issues were fairly presented as to whether the engines and boilers, when properly and carefully managed, developed the amount of horse power specified in the contract, and as to whether they were as economical in the consumption of fuel as the Corliss noncondensing engine. There was a verdict for the plaintiff company, from the amount of which it appears that both of the aforesaid issues were decided in favor of plaintiff, and that the jury found against the defendants on their counterclaim.

John H. Ames and Charles O. Whedon, for plaintiffs in error.

J. W. Deweese (F. M. Hall with him on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The principal contention on the part of the plaintiffs in error, who were the defendants below, is that the trial court should have allowed the jury to determine whether they had used "fair and honorable means" to determine if the engines, boilers, and pumps worked satisfactorily, and whether, after the use of such means, the defendants were in fact dissatisfied with the machinery in question, and had duly notified the plaintiff company to that effect. It is urged, in substance, that the contract on which the suit is founded gave the defendants the right, if they were dissatisfied with the machinery after a fair and honorable trial thereof, to rescind the agreement for the purchase of the same, upon due notice to the plaintiff, and to demand a return of such part of the purchase money as had been paid, and the payment of all such damage as had been sustained in consequence of the attempt to make use of the machinery. The trial court did refuse to submit the aforesaid issue to the jury, but we are unable to say that its action in that regard was erroneous. Assuming, but not deciding, that the contract in question was of such a nature that it did authorize the defendants below to rescind the agreement, if they were in fact dissatisfied with the machinery after a fair trial thereof, although there was no reasonable ground for such dissatisfaction, yet we are of opinion that the record discloses that such right of rescission under the provisions of the contract had been lost. It was shown on the trial that the defendants continued to use the engines, boilers, and their appurtenances for 3½ years after they claimed to have notified the plaintiff company of their election to rescind the agreement because of their dissatisfaction, and that at the end of that period they sold all of the machinery, and appropriated the proceeds to their own use. Such conduct on the defendants' part, which was proven without objection, amounted, we think, to an abandonment of the contract right of rescission, and remitted the defendants to their common-law right to recover such damages as they had sustained, if, in point of fact, the engines and boilers lacked the prescribed amount of horse power, or were not as economical as they ought to have been in the consumption of coal. The trial court appears to have taken that view of the case, and to have instructed the jury on that theory.

It is suggested, arguendo, that, inasmuch as the abandonment of the contract right of rescission by the use and sale of the machinery took place after this suit was instituted, the plaintiff company cannot take advantage of such use and sale as an answer to the plea of rescission, and that the testimony tending to show such use and sale was immaterial and incompetent. It is a sufficient answer to this suggestion to say that the testimony was received without objection, and the defendants thereby admitted its relevancy and competency, and should not be allowed to now urge that it ought to have been excluded. Furthermore, one of the acts constituting an abandonment of the contract right of rescission, to wit, the use of the machinery as their own after the notice of rescission had

been given, was not wholly done and performed subsequent to the commencement of the action. The proof shows that the defendants used the machinery as their own, after giving notice of their election to rescind the contract, for two or three months before the present suit was filed. They continued to so use it thereafter for several years, until it was sold. We think, therefore, that upon the issue as to whether the contract right of rescission had been lost, the plaintiff below had the right to show that the defendants, after giving notice of rescission, had used the machinery for several months before the present suit was brought; that they had at no time ceased to use it, and had eventually sold it, and appropriated the proceeds. These undisputed facts clearly demonstrated that the contract right of rescission had been lost, and was no longer available to the defendants as a defense. It matters not, we think, that some of the acts evidencing an intention to abandon the contract right of rescission were committed after the suit was filed. It is well settled that a plaintiff is not confined in his recovery to those damages which had become manifest, and which he could have shown on the day his suit was commenced, but that he may recover those which have become apparent subsequently, up to the day of the trial. For like reasons we think that the plaintiff company was entitled to show that by a course of conduct which began before the suit was filed, and continued thereafter, the defendants had, in an unmistakable manner, manifested an intention to retain the machinery in controversy, and to abandon their alleged right of rescission.

The view taken of the question last considered renders it unnecessary to notice any of the assignments of error relative to the measure of damages. Counsel concede, as we understand, that the rule for the assessment of damages was correctly applied by the trial court, provided the defendants had lost their right of rescission, and could only claim compensation because the engines and boilers were deficient in horse power, and consumed too much fuel. We are satisfied that the defendants were only entitled to demand damages for the breach of the last-mentioned warranties, and that the rule for estimating the damages, in case a breach of these warranties was established, was correctly stated by the trial court. In any event, it is now immaterial whether the instructions on this subject were technically correct, since the jury found that the warranties in question were not broken, and that no allowance on account of a breach thereof ought to be made.

It is further urged in the brief that some evidence offered by the defendants was erroneously excluded. The testimony to which this assignment relates was, in the main, calculated to show that prior to the execution of the contract in suit the plaintiff company was advised that the boilers, engines, and other machinery which it proposed to furnish were being contracted for by the defendants for the purpose of operating a factory for the manufacture of paper, which was to be provided with paper-manufacturing machines having a capacity to manufacture from 10 to 12 tons of paper daily. The object of offering this proof seems to have been to lay

the foundation for raising an implied warranty on the part of the plaintiff company that the engines and boilers which it proposed to furnish would generate sufficient power to work such a plant in all of its departments successfully, and the necessary amount of steam to cook the paper. The trial court ruled, in substance, that, inasmuch as the kind, amount, and size of machinery agreed to be furnished were specifically described in the agreement, and inasmuch as certain express warranties with respect to its capacity were incorporated into the agreement, no other warranties would be implied. It accordingly excluded the oral statements and representations made by the parties prior to the execution of the contract, on the theory that they were merged therein. In so ruling no error was committed. The action of the trial court in that respect was substantially in accordance with the views of this court as expressed in the case of Hotel Co. v. Wharton (decided at the present term) 79 Fed. 43. Finding no error in the record of which the defendants below are entitled to complain, the judgment of the circuit court is hereby affirmed.